Transfer inheritance tax was assessed in respect of the estate of Harry Taylor, deceased, in the total sum of $1,253.82. Of this amount $810.55 is assessed in respect of *Page 621 
the trust fund of $16,544.76, hereinafter more particularly mentioned. The issue on this appeal is whether or not the transfer of this trust fund is taxable against this decedent's estate. Either the tax is correct, or it should be reduced by the $810.55. The facts are not in dispute.
In 1902 Harry Taylor was an epileptic and incompetent to manage his affairs — and so continued until his death. In 1902 and in 1912 his parents conveyed certain real estate to his sister as trustee for him. By the terms of the trust (expressed in a declaration by her), she was to sell the property at such time and for such price as should to her seem proper and just; was to collect the rents, issues and profits; and was to use "so much of the principal and incomes as to her should seem just and proper, for the care and comfortable support" of her said brother.
The provision as to the disposition of any balance of principal and interest remaining at the death of the brother is as follows:
"Fifth: In the event of the death of my said brother Harry Taylor before the conveyance of said premises or any part thereof to convey the undivided one-half interest in the premises remaining in my hands as such trustee under such deed to the heirs of my said brother Harry Taylor and to pay and turn over to the administrators of my said brother, or to his next of kin, the balance remaining in my hands of the principal and interest of the rents, issues and profits, or of sales."
All of the said real estate was sold by the trustee during the life of her brother; he continued mentally incompetent until his death; and part of the proceeds of sale were expended for him by the trustee during his life; at his death there was an unexpended balance of $16,544 remaining of said proceeds of sale, and this sum was paid over by the trustee to her brother's administrator.
Respondent contends that, under the rule in Shelly's Case the instrument creating the trust transferred an equitable "fee" to Harry Taylor, the present decedent, and that therefore the entire equitable interest passed on his death intestate *Page 622 
by the intestate law of the state, and is taxable under the statute. P.L. 1909 ch. 228.
Against this contention several counter-arguments are advanced. It is not necessary to consider all of them: it is sufficient to say that in the opinion of this court, according to the true interpretation of the trust instrument and the intent of the creator thereby, the nomination of the heirs of Harry Taylor as takers of the remainder interest is a designatio personarum and not a limitation. In such case the rule in Shelly's Case does not apply, and cannot operate. Martling v. Martling, 55 N.J. Eq. 771; 39 Atl. Rep. 203 (which is not dissimilar to the instant case in respect of the facts material and relevant on this point).
Respondent further contends, however, that even if decedent had no estate or interest in the property, nevertheless there was a transfer by the intestate law of this state; that the trustee having, in accordance with the choice or election given to him by the trust instrument, paid over the trust fund to decedent'sadministrator instead of to his next-of-kin, the subsequent transfer from the administrator to the next-of-kin was by operation of the intestate law and is taxable under the statute.
This argument is also untenable. Whether or not the transfer from the administrator to the next-of-kin is effectuated in the instant case by operation of the intestate laws of this state, that transfer, under the circumstances of the present case, is not made taxable by the terms of the Taxing act (P.L. 1909ch. 228 § 1 subsection "First" of that statute — being the only pertinent provision thereof) imposes a tax "upon the transfer of any property * * * when the transfer is * * * by the intestate laws of this state from any person dying seized or possessed of the property * * *." The transfer from administrator to next-of-kin assuredly is not from a person dying seized or possessed of the property — which is the only kind of transfer on which the statute imposes the tax. Neither was the transfer to
the administrator a transfer by intestate law from a person dying seized or possessed *Page 623 
of the property; that transfer was by the original conveyance (the deed and the declaration of trust), and from the original grantee, through the trustee, to the administrator.
The tax with respect to the transfer of this trust estate was therefore erroneously imposed. The record will be remitted for revision and re-assessment accordingly.
 *Page 1